UNITED STATES of America, Appellee,

v.

Frank VECCHIONE, Defendant-Appellant.

No. 106, Docket 27760.

United States Court of Appeals Second Circuit.

Argued Oct. 18, 1962.

Decided Oct. 23, 1962.

---

---

H. Elliot Wales, New York City, for appellant.

Joseph P. Hoey, U. S. Atty., Eastern District of New York (Raoul L. Felder, Asst. U. S. Atty., of counsel), for appellee.

Before WATERMAN, HAYS and MARSHALL, Circuit Judges.

PER CURIAM.

Appellant was convicted of having violated 18 U.S.C. § 1708 in that he unlawfully and knowingly possessed the contents of stolen mail, being the sum of $8.75 that appellant received when he endorsed and cashed a New York State Unemployment Insurance Fund check for that amount which was payable to one Mrs. H. Naiman who testified that she had never authorized appellant to endorse it for her. Prior to trial appellant had given a statement to a postal inspector in which he admitted that he had removed the $8.75 check and three other checks [1] made payable to Mr. and Mrs. Naiman from the Naiman hall letter box; had forged the Naiman signatures; had then cashed the checks; and, as to the $8.75 check, had endorsed his name under the forged endorsement of Mrs. Naiman in the presence of the storekeeper who had cashed all four checks.

This statement was written down in narrative form by the inspector, who testified that it was read to appellant prior to appellant's swearing to its truth and his affixing of his signature. Appellant admitted he signed the statement but denied knowledge of its contents. Over objection the statement was introduced into evidence as part of the Government's case. The storekeeper testified that, as set forth in the incriminating statement, he had cashed the four checks, and that the $8.75 check had been endorsed in his presence by appellant.

Appellant, who took the stand in his own defense, testified that he obtained the four checks from one DeBlase, a neighbor of the Naimans and of appellant, and that he did not know they had been stolen.

Appellant seeks on two grounds to reverse his conviction, first, that it was error to admit the statement that the postal inspector had written and that appellant had signed, and that otherwise there was insufficient evidence to convict; and, second, that the court failed to give a charge to the jury the defendant requested:

> "If you believe that the statement, either partially or completely, does not contain the words of the defendant, but contains the words of the government agent, then you may disregard the statement, either wholly or partially, as you see fit."

---

1. The indictment upon which appellant was tried contained four counts, one count for each of the four checks. The jury did not reach a verdict on the counts based upon the other three checks.

There is no merit to appellant's claims. The statement was corroborated by independent evidence sufficient to support conviction—evidence of Mrs. Naiman, the shopkeeper, the appellant, and the checks themselves; there was no evidence in the case tending to show that when the statement was obtained there was any coercion or overreaching or denial of appellant's constitutional rights; and the jurors were charged that "whatever weight you deem the statement should have, based on the manner of execution and all the circumstances surrounding the execution of the statement" was solely a question of fact for them to decide.

We are grateful to H. Elliot Wales, Esq., who, as assigned counsel, both at trial and upon appeal, has vigorously represented appellant.

Judgment of conviction affirmed.